IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael J. Watanabe**

Civil Action No. 08-cv-01970-MSK-MJW

ALAN L. WATTS, on behalf of himself
and all others similarly situated,

       Plaintiffs,

v.

AMERICAN EXPRESS COMPANY &
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.,

       Defendants.

**PROTECTIVE ORDER** (Docket No. 27-2)

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby **ORDERED** that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information" as used herein means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Any information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by a Party must first be reviewed by such Party's

**PROTECTIVE ORDER**
*NJ 226583932v3*

counsel, who will certify that the designation is based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). Information or material, which is available to the public, including catalogues, advertising materials and the like, shall not be classified.

3. "Qualified Persons", as used herein, means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent experts or consultants who have signed an undertaking in the form attached hereto as Exhibit A;

(c) The party or (in cases where the party is a legal entity) party officers, directors, managers, and/or employees who have a need to know the information in connection with this lawsuit;

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties;

(e) Employees of third-party contractors involved in one or more aspects of organization, translation, copying, filing, coding, converting, storing, or retrieving data in connection with this litigation, including providing computerized litigation support; and

(f) The Court and its employees (including court reporters, persons operating video equipment at depositions, and translators) whose function requires that they have access to the materials.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel

Only" (or "Attorneys Eyes Only") shall be restricted in circulation to Qualified Persons described in paragraphs 3(a), (b), (e), and (f) above.

(b) Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

**PROTECTIVE ORDER**

Page 4 of 8

*NJ 226583932v3*

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

**PROTECTIVE ORDER**

Page 5 of 8

NJ 226583932v3

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the party shall comply with Local Rules 7.2 and 7.3 for the District of Colorado.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

13. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under paragraphs 3(a), (b), (c), or (e) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

**PROTECTIVE ORDER**

14. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

**SIGNED AND ENTERED** this 12TH day of December, 2008.

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael J. Watanabe**

Civil Action No. 08-cv-01970-MSK-MJW

ALAN L. WATTS, on behalf of himself
and all others similarly situated,

       Plaintiffs,

v.

AMERICAN EXPRESS COMPANY &
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.,

       Defendants.

---

    I, _____ (PRINT NAME) have read the foregoing Protective Order and agree to be bound by its terms.

    I understand that a violation of the Protective Order may be punishable by contempt of court, and agree to submit myself to the jurisdiction of the United States District Court for the District of Colorado so that an appropriate penalty can be imposed if the Protective Order is violated.

Dated:_____             _____