# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**CIVIL ACTION NO.  08-cv-01970-MSK-MJW**

**ALAN L. WATTS, on behalf of himself
and all others similarly situated,**

### PLAINTIFFS,

**VS.**

**AMERICAN EXPRESS COMPANY &
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.,**

### DEFENDANTS

---

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

---

**TO THE HONORABLE MARCIA S. KRIEGER, UNITED STATES DISTRICT JUDGE:**

Comes now, Alan L. Watts, Plaintiff herein, who files this Motion to Compel Responses to Discovery, and would show the Court the following:

### *Certificate of Conference*

1.     Pursuant to D.C.Colo.L.CivR. 7.1A, Plaintiff's Counsel have conferred at length with Counsel for Defendant concerning the matters raised herein.  The parties conferred in good faith by written communications, and participated in two separate teleconferences of an approximate total length of almost 1½ hours combined.  Although the parties resolved most of the discovery disputes raised by Plaintiff's counsel, a significant disagreement remains on the issues set forth herein. Therefore, the matter is submitted to the Court for a ruling.

### *The Dispute Described Generally*

2.      Plaintiff, on behalf of himself and all others similarly situated, filed this case and alleged that Defendants (hereinafter also referred to collectively as "AMEX") perform impermissible "account reviews" on the credit reports of consumers who either never had an account with AMEX, or who no longer have open AMEX credit card accounts.  This class of consumers consists of:  (a). identity theft victims or others whose "accounts" were opened as the result of fraud; (b). individuals whose obligations to AMEX have been discharged in a bankruptcy case; and (c). individuals whose accounts have been closed with a zero balance or sold or transferred by AMEX.  Put simply, Plaintiff's claim is that if an individual does not have an open AMEX account, then it is impermissible for AMEX to review his or her credit files, particularly when AMEX is looking at such consumers' credit files ostensibly for the purpose of reviewing accounts that do not even exist. For those former AMEX customers who once had accounts (i.e. those whose obligations were discharged in bankruptcy or those whose accounts were closed or sold) AMEX has advanced numerous objections to Plaintiff's discovery requests, contending that such former AMEX customers' claims are subject to binding mandatory arbitration, along with a waiver of the right to participate in a class action case.  AMEX then concludes that because some of the putative class members had arbitration agreements and the named Plaintiff did not (because he is an identity theft victim who never entered into an contract with AMEX), Plaintiff's claims are not typical of the claims of the class, and therefore AMEX need not respond to discovery requests concerning account reviews conducted on accounts discharged in bankruptcy, or closed, sold or transferred accounts. In other words, the Defendants in this lawsuit have substituted their own judgment for that of the Court, made their own rulings on the scope of the class, and then unilaterally determined that

discovery outside of that self-defined scope is irrelevant, and thus not available to Plaintiff in the class discovery stage of this proceeding.

### *The Specific Disputes*

3.      On September 12, 2008, Plaintiff filed his Original Complaint herein.  The Complaint was amended on November 18, 2008.  Defendants have not answered the Complaint, but have filed a motion to dismiss, challenging Plaintiff's proposed class definition.  Such Motion has been fully briefed and is pending before the Court.

4.      On December 15, 2008, the Court entered herein its Scheduling Order for Class Certification Issue Only [Doc. #34].  Pursuant to the terms of such Order, the parties herein were required to complete all discovery related to the class certification issue on or before March 2, 2009.

5.      On December 11, 2008, Plaintiff's counsel served his First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Defendants, a true and correct copy of which are attached hereto as Exhibit "1".

6.      On January 12, 2009, Defendants timely served their Objections and Responses to Plaintiff's written discovery requests, a true and correct copy of which are attached hereto as Exhibit "2".

7.      Pursuant to the terms of the Class Scheduling Order, each party was allowed one deposition, not to exceed seven (7) hours in length.  The parties conferred and agreed upon deposition dates.  Plaintiff's Counsel deposed AMEX's 30(b)(6) representative in New York City on February 13, 2009.  AMEX's Counsel deposed Plaintiff in Denver on February 27, 2009.  Prior to taking AMEX's representatives' deposition, Plaintiff served upon Defendants a deposition notice (a true and correct copy of which is attached hereto as Exhibit "3").  Thereafter, AMEX served its

Objections and Responses thereto, as true and correct copy of which are attached hereto as Exhibit "4".

8.      The specific discovery requests for which Plaintiff seeks an order from the Court compelling responses from Defendants are set forth in the following paragraphs.

9.      ***Interrogatory No. 1***

For all Account Reviews conducted during the Class Period, state:

a.      How many account reviews you performed on consumer credit files for individuals for whom you had received notice of a discharge in bankruptcy of the indebtedness owed to AMEX;
. . .

c.      How many account reviews you performed on consumer credit files where a prior AMEX account had been closed by the consumer with a zero balance, or sold, transferred to, or purchased by another entity;

d.      How many account reviews were performed on consumer credit files for individual who were authorized users on AMEX accounts (i.e. individuals who had no personal liability on the account)?

In response to this Request, AMEX advanced the following objection and response:

**<u>RESPONSE:</u>**  American Express objects to the interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the above objections and General Objections, American Express further responds that the information sought by the interrogatory requires an individualized assessment for each particular consumer, and American Express cannot readily ascertain this information on any reasonable economic or systemic basis.

10.     With respect to AMEX's response to Interrogatory No. 1, Plaintiff notes that the request was neither vague, ambiguous, or overbroad.  In fact, it was narrowly tailored to the issues at hand in the case.  Further, the purpose of the request was to determine numerosity in a case filed as a putative class action case.  AMEX produced the same type of information for identity theft victims (or "fraud" accounts), but failed to provide the information sought in connection with the

other potential class members identified above.  The request is clearly relevant to the issues at hand.

Plaintiff shall address AMEX's arbitration argument vis-a-vis its relevancy objection in the

"Argument" section set forth hereafter.

11.     ***Interrogatory No. 8***

Please identify with specificity any and all disputes, complaints, legal actions, formal administrative notices or actions, or assessments, audits, reports or studies conducted by or on behalf of AMEX at any point in time, regarding or attacking its permissible or impermissible requests for consumer reports from one or more consumer reporting agency.

"Complaints" as used in this Interrogatory specifically includes, but is not limited to, any and all legal complaints wherein AMEX was sued in connection with an alleged impermissible access of a consumer's report or any part thereof.

In response to this Request, AMEX advanced the following objection and response:

**RESPONSE:**  American Express objects to the interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible information.  Subject to and without waiving the above objections and General Objections, with regard to claims in which a consumer alleged impermissible access to a consumer's credit report where the consumer alleged that she had an account with American Express opened through fraud or identity theft, American Express identifies Paulette Field v. Experian Information Solutions, Inc. and American Express Travel Related Services Company, Inc., Case No. 05-2309-JWL-GRL, United States District Court, District of Kansas.

12.     With respect to AMEX's response to Interrogatory No. 8, Plaintiff notes that the

request was neither vague, ambiguous, or overbroad.  In fact, it was narrowly tailored to the issues

at hand in the case.  Further, the purpose of the request was to determine numerosity in a case filed

as a putative class action case.  AMEX identified the same type of information in its response for

an identity theft victim, but failed to provide the information sought in connection with the other

potential class members identified above.  The request is clearly relevant to the issues at hand.

Plaintiff shall address AMEX's arbitration argument vis-a-vis its relevancy objection in the

"Argument" section set forth hereafter.

13.   ***Request for Production No. 3***

With respect to each and every instance that AMEX requested, accessed or otherwise obtained a consumer report or any part thereof from any consumer reporting agency with respect to Plaintiff and each and every member of the Putative Class for the time period from September 12, 2006 to the present, please produce any and all current and archived files, reports, records, logs or other documentation, electronic or otherwise, showing the information input by or for AMEX to request, access or otherwise obtain the consumer report or part thereof that was being requested. In particular, this request specifically includes, but is not limited to, the specific account or personal identifying information entered by or for AMEX that resulted in access to the consumer report or any part thereof of Plaintiff and each and every member of the Putative Class, the response to the requests for a consumer report, and the purpose(s) for which the reports were actually used.

In response to this Request, AMEX advanced the following objection and response:

**RESPONSE**:  American Express objects to the interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving the above objections and General Objections, American Express further responds that the information sought by the request requires an individualized assessment for each particular consumer, and American Express cannot readily ascertain this information on any reasonable economic or systemic basis. American Express further responds that it will produce responsive documents that are located regarding Plaintiff.

14.   With respect to AMEX's response to Request for Production No. 3, Plaintiff notes that the request was neither vague, ambiguous, or overbroad. In fact, it was narrowly tailored to the issues at hand in the case. Further, the purpose of the request was to determine numerosity in a case filed as a putative class action case. AMEX produced the same type of information for identity theft victims (or "fraud" accounts), but failed to provide the information sought in connection with the other potential class members identified above. The request is clearly relevant to the issues at hand. Plaintiff shall address AMEX's arbitration argument vis-a-vis its relevancy objection in the "Argument" section set forth hereafter.

### *Argument*

15.     AMEX has advanced the argument that it need not provide the information and documents requested by Plaintiff for former customers of AMEX because Plaintiff's claims are not typical of the proposed class which includes consumers whose AMEX account(s) were discharged in bankruptcy, closed with a zero balance or sold.  Plaintiff disagrees with this argument.  The "typicality" requirement of Federal Rule 23 requires a showing that the claims of the named plaintiff are typical of the claims of the class as a whole. Claims do not need to be *identical* to meet the typicality requirement. *Adamson v Bowen*, 855 F2d 668 (10th Cir 1988). Further, so long as the claims of the class representative are based on the same legal or remedial theory, factual differences do not preclude a finding of typicality. *Id. at 676.*  Here the material and operative facts are common to all proposed members:  i.e. at the time AMEX accessed their credit files during the class period, the class member did not have an open account on which to perform an "account review". A difference in the procedural method available to redress violations of the FCRA, whether through the courts or through arbitration, should not preclude a finding of typicality of the claim made by the named plaintiff.

16.     Ironically, the refusal of AMEX to respond to these discovery requests runs afoul of two very recent adverse rulings from two separate United States Courts of Appeals, concerning the class action waiver apparently contained in AMEX's arbitration clause. *See Homa, et al   v. American Express Company, et al*, No. 07-2921, 2009 WL 440912 (3rd Cir. Feb. 24, 2009) (striking ban on classwide arbitration in a case involving the same Defendants as the case at hand); and *In re American Express Merchants Litigation*, 554 F.3d. 300, 320 (2nd Cir. 2009) (holding mandatory class action waiver in arbitration agreement was not enforceable).  Both of these opinions are

attached to the Supplement filed herewith.  Perhaps AMEX has decided that if the courts are antagonistic to the class action waiver apparently contained in its arbitration clause, AMEX should take the matter into its own hands, usurp the court's power, decide for itself what is relevant, and only provide the discovery that is relevant according to its own decree.

17.     Plaintiff can find no case where the existence of an arbitration agreement for some class members precluded certification of a class whose representative lacked an arbitration agreement. In fact, all the cases found by Plaintiff's Counsel hold just the opposite; certification is not precluded by the existence of arbitration agreements of some class members. *See, e.g. Rimmer v. Citifinancial, Inc.*, 2008 Ohio 1814, p.29 (Ohio Ct. App., Cuyahoga County Apr 17, 2008); *Coleman v GM Acceptance Corp.*, 220 F.R.D. 64, 91 (M.D. Tenn. 2004); *Bond v Fleet Bank  (RI), N.A.*, No. Civ.A. 01-177L, 2002 WL 31500393 (D.R.I Oct 10, 2002); *Bittinger v. Tecumseh Prods. Co.*, 123 F. 3d 877, 884 (6th Cir 1997).

18.     Therefore, in this case, to withhold discovery related to those individuals who may have had a prior account with AMEX that was subject to an arbitration agreement is completely unjustified.  As such, Plaintiff seeks an order from the Court pursuant to Fed. R. Civ. P. 37 compelling AMEX to respond to the discovery requests set forth hereinabove, without objection.

19.     To the extent that the information produced by AMEX hereafter might require further inquiry or clarification to assist Plaintiff in understanding the data produced, Plaintiff requests an extension of the class discovery deadline to permit Plaintiff to continue the deposition of one or more 30(b)(6) representatives to be designated by Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for an order directing AMEX to respond to the interrogatories and request for production identified herein, and for such other and

further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

  /s/ Benjamin R. Bingham
Benjamin R. Bingham
Texas State Bar No. 02322350
BINGHAM, & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
Electronic Mail: Ben@binghamandlea.com
Attorney for Plaintiff

H. Anthony Hervol
Texas State Bar No. 00784264
LAW OFFICE OF H. ANTHONY HERVOL
5720 Bandera Road, Suite 2
San Antonio, Texas  78238
(210) 522-9500
(210) 522-0205 (Fax)
Electronic Mail: hervol@satx.rr.com
Attorney for Plaintiff

Thomas J. Lyons, Jr.
PHV/MN Bar No. 249646
CONSUMER JUSTICE CENTER, PA
367 Commerce Court
Vadnais Heights, Minnesota 55127
(651) 770-9707
(651) 704-0907 Fax
Electronic Mail: tlyons@lyonslawfirm.com
Attorney for Plaintiff

Tara E. Gaschler, Esq. #33314
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 825-0197
(303) 539-9823 (Fax)
Electronic Mail: ecf@gaschler-law.com
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the _2nd_ day of March, 2009, a true and correct copy of the above and foregoing has been served by electronic notification by filing with the Clerk of Court using the CM/ECF system, which sent notification via e-mail to:

Tyler D. Coombe, Esq.
David G. Palmer, Esq.
Greenberg Traurig, LLP-Denver
1200 17th Street
The Tabor Center , Suite 2400
Denver , CO 80202
303-572-6558
Fax: 303-572-6540
Email: CoombeT@gtlaw.com
Email: PalmerDG@gtlaw.com

Louis Smith, Esq.
200 Park Avenue
Florham Park, NJ  07932-0677
973-360-7900
Fax: 973-301-8410
Email: SmithLO@gtlaw.com

/s/ H. Anthony Hervol
H. Anthony Hervol
Attorney for Plaintiff