IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01970-MSK-MJW

ALAN L. WATTS,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY, et al.,

Defendants.

**ORDER REGARDING**
**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY**
**(DOCKET NO. 40)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion to Compel Responses to Discovery (docket no. 40). The court has reviewed the subject motion (docket no. 40), the response (docket no. 43), and the Supplement to Plaintiff's Motion to Compel Responses to Discovery (docket no. 41). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to

be heard;

4. That Magistrate Judge Watanabe set discovery deadlines on the class certification issue only. *See* Scheduling Order (docket no. 34) and record made by Magistrate Judge Watanabe at the Rule 16 Scheduling Conference held on December 2, 2008 (see docket no. 22). In the Scheduling Order, discovery was limited by this court both in scope and duration, and Plaintiff was ordered to file his Motion for Class Certification on or before April 2, 2009;

5. That Plaintiff seeks an order from this court to compel Defendant to respond further to Plaintiff's interrogatories 1 and 8 and request for production of documents 3;

6. That I find that the information sought in interrogatories 1 and 8 and request for production of documents 3 do not relate to fraud or identity theft as alleged by Plaintiff, but concerns present or former American Express cardmembers who had legitimate accounts but filed for bankruptcy or had their accounts sold and the like. This information is irrelevant on the issue of class certification, and the request is unduly burdensome, in particular, in light of the ruling by the court in a companion case captioned: Hirsch,et al. v. American Express Co., et al., Civil Action No. 06-cv-00055, filed in the United States District Court for the Eastern District of Texas. *See* Declaration of Louis Smith in Opposition to Motion to Compel at Exhibit A. Accordingly, such information sought is not discoverable

at this stage of this litigation since there has been no ruling by Judge Krieger on the class certification issue. In fact, Plaintiff's Motion for Class Certification as previously mentioned above was due on April 2, 2009, and Plaintiff has not moved this court to extend the time to file such motion. Lastly, Plaintiff did file his Motion to Certify this Case as a Class Action (docket no. 45) on April 2, 2009, along with his legal brief in support thereof (docket no. 46) and was able to make his legal arguments including but not limited to his argument concerning numerosity based upon the record to date. *See* docket no. 46.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Responses to Discovery (docket no. 40) is **DENIED**;

2. That each party shall pay their own attorney fees and costs.

Done this 3rd day of April 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE